IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE CSFB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-HE16, | ) CIVIL NO. 08-00358 DAE-KSC ) ) REPORT OF SPECIAL MASTER ) RECOMMENDING THAT ) PLAINTIFF'S PETITION FOR ) ATTORNEYS' FEES BE GRANTED ) IN PART AND DENIED IN PART |

```
US BANK NATIONAL            ) CIVIL NO. 08-00358 DAE-KSC
ASSOCIATION, AS TRUSTEE FOR )
THE HOLDERS OF THE CSFB     ) REPORT OF SPECIAL MASTER
MORTGAGE PASS-THROUGH       ) RECOMMENDING THAT
CERTIFICATES, SERIES 2002-  ) PLAINTIFF'S PETITION FOR
HE16,                       ) ATTORNEYS' FEES BE GRANTED
                            ) IN PART AND DENIED IN PART
     Plaintiff,             )
                            )
     vs.                    )
                            )
PAUL YAMAMURA, ESQ.,        )
Successor Personal          )
Representative of the       )
Estate of Herbert W.S. Kam; )
UNITED STATES OF AMERICA;   )
STATE OF HAWAII -           )
DEPARTMENT OF TAXATION;     )
JOHN AND MARY DOES 1-20;    )
DOE PARTNERSHIPS,           )
CORPORATIONS AND OTHER      )
ENTITIES 1-20,              )
                            )
     Defendants.            )
_____)
```

REPORT OF SPECIAL MASTER RECOMMENDING THAT
PLAINTIFF'S PETITION FOR ATTORNEYS' FEES BE
GRANTED IN PART AND DENIED IN PART

Before the Court is Plaintiff US Bank National

Association's ("Plaintiff") Petition for Attorneys'

Fees and Costs ("Petition"), filed September 14, 2009.

On September 21, 2009, Defendant State of Hawaii

("State") filed a Statement of No Opposition.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After carefully reviewing Plaintiff's submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Petition be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

<u>BACKGROUND</u>

As the Court and the parties are familiar with the background of this case, the Court will discuss only those facts relevant to the instant Petition.  On September 10, 2009, United States District Judge David Alan Ezra issued an Order Granting Defendant Director of Taxation, State of Hawaii's Motion for Summary Judgment and Order Denying Defendant Paul Yamamura's Amended Motion for Summary Judgment ("SJ Order"), wherein Judge Ezra determined that the State, as the sole junior lien holder, is entitled to first priority to the Surplus.  SJ Order at 10.  Judge Ezra further concluded that "the interests of equity would be served

2

if the interpleader plaintiff received some of its attorney's fees and costs from the State of Hawaii's claim." Id. at 12.  He qualified this by instructing that Plaintiff's entitlement to fees and costs are subject to the parameters set forth in Trustees of the Director's Guild of America-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426-27 (9th Cir. 2000) and should be limited so that the State's rightful claim to the funds to satisfy the tax lien is not defeated.  Id.

DISCUSSION

Plaintiff requests $2,980.00 in attorneys' fees, $140.42 in tax, and $353.29 in costs, for a total of $3,473.71.  The State does not oppose the Petition. Insofar as Judge Ezra has already determined that Plaintiff is entitled to attorneys' fees and costs subject to the parameters in Tise, all that remains for this Court to determine is the reasonableness of the requested fees and costs.

A.  Calculation of Fees

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar"

3

calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not already been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the

4

professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation.  See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Plaintiff requests the following attorneys' fees for work performed by its attorney Karyn Doi

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Karyn A. Doi | 14.9 | $200 | $2,980.00 |
| | | Subtotal: | $2,980.00 |
| | | Tax: | $  140.42 |
| | | Total: | **$3,120.42** |

Ms. Doi has been licensed since 2002.

    1.   Reasonable Hourly Rate

In determining what is a reasonable hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar

6

services.  See Jordan v. Multnomah County, 815 F.2d
1258, 1263 (9th Cir. 1987).

     This Court is well aware of the prevailing
rates in the community for similar services performed
by attorneys of comparable experience, skill and
reputation.  Based on this Court's knowledge of the
prevailing rates and the submissions in this case, this
Court finds that an hourly rate of $200 is slightly
excessive for Ms. Doi, who has approximately 7 years of
experience.  Instead, the Court finds that $175 is a
reasonable hourly rate for Ms. Doi.

     2.  Hours Reasonably Expended

     Beyond establishing a reasonable hourly rate, a
prevailing party seeking attorneys' fees bears the
burden of proving that the fees and costs taxed are
associated with the relief requested and are reasonably
necessary to achieve the results obtained.  See Tirona
v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632,
636 (D. Haw. 1993) (citations omitted).  The court must
guard against awarding fees and costs which are
excessive, and must determine which fees and costs were

7

self-imposed and avoidable.  <u>See</u> <u>Tirona</u>, 821 F. Supp.

at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>,

815 F.2d 391, 404 (6th Cir. 1987), <u>cert. denied</u>, 484

U.S. 927 (1987)).  This Court has "discretion to 'trim

fat' from, or otherwise reduce, the number of hours

claimed to have been spent on the case."  <u>Soler v. G &</u>

<u>U, Inc.</u>, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992)

(citation omitted).  Time expended on work deemed

"excessive, redundant, or otherwise unnecessary" shall

not be compensated.  <u>See</u> <u>Gates</u>, 987 F.2d at 1399

(quoting <u>Hensley</u>, 461 U.S. at 433-34).

　　　　After careful review of Exhibit 1, which

contains the time entries submitted by counsel, the

Court finds that the hours therein were reasonably and

necessarily incurred in litigating this action.

　　3.　<u>Total Fees</u>

　　　　Based on the foregoing, the Court finds that

Plaintiff's counsel has established the appropriateness

of the following attorneys' fees:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Karyn A. Doi | 14.9 | $175 | $2,607.50 |
| | | Subtotal: | $2,607.50 |
| | | Tax: | $  122.87 |
| | | Total: | **$2,730.37** |

The Court declines to adjust this amount based on the
Kerr factors and recommends that the district court
award Plaintiff $2,730.37 in attorneys' fees.

B.   Costs

         In addition to attorneys' fees, Plaintiff seeks
to recover the costs incurred in the present action.
Specifically, Plaintiff requests:

> (1) complaint filing cost - $275.00
> (2) postage - $3.29
> (3) sheriff's fees - $75.00

See Ex. 1.  Rule 54(d)(1) of the Federal Rules of Civil
Procedure provides that "costs other than attorneys'
fees shall be allowed as of course to the prevailing
party unless the court otherwise directs."  Fed. R.
Civ. P. 54(d)(1).  Courts have discretion to award
costs pursuant to Rule 54(d).  See Yasui v. Maui
Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw.

9

1999).   The burden is on the losing party to demonstrate why costs should not be awarded.   <u>Stanley v. Univ. of Southern California</u>, 178 F.3d 1069, 1079 (9th Cir. 1999).

In this case, the State does not oppose the Petition.   Moreover, Judge Ezra has determined that Plaintiff is entitled to costs from the State's claim. The Court will therefore tax statutorily permitted costs in Plaintiff's favor.

While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920.   <u>See</u> <u>Yasui</u>, 78 F. Supp. 2d at 1126 (citing <u>Alflex Corp. v. Underwriters Laboratories, Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990); <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987)).   Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

> (4) Fees for exemplification and
> copies of papers necessarily obtained
> for use in the case;
> (5) Docket fees under section 1923 of
> the title;
> (6) Compensation of court appointed
> experts, compensation of interpreters,
> and salaries, fees, expenses, and
> costs of special interpretation
> services under section 1828 of this
> title.

28 U.S.C. § 1920; <u>Yasui</u>, 78 F. Supp. 2d at 1126.  The

Court addresses each of the costs requested by

Plaintiff in turn.

    1.  <u>Service of Process/Filing Fees</u>

      Plaintiff requests $275.00 in filing fees.

Section 1920(1) allows for the taxation of the fees of

the clerk and marshal.  Indeed, "[f]iling fees are

properly recoverable by a prevailing party under §

1920(1)."  <u>Buffone v. Rosebud Restaurants, Inc.</u>, No.

CIV A 05 C 5551, 2006 WL 3196931, *1 (N.D. Ill. Oct.

31, 2006).  Accordingly, the Court recommends that the

district court tax $275.00 in filing fees.

      Section 1920(1) also allows for the taxation of

the fees of the marshal.  <u>See</u> <u>also</u> Local Rule

54.2(f)(1) ("Fees for the service of process and

service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred."). Plaintiff requests $75.00 for Sheriff's fees. The Court finds that $75.00 is taxable.

### 2.  Postage

Plaintiff requests postage costs. However, postage is not expressly provided for in § 1920. The Court thus finds that requested postage is not taxable as costs.

### 3.  Total Taxable Costs

The Court finds that $350.00 for Sheriff's fees and filing fees is taxable and recommends that the district court award $350.00 in costs.

### CONCLUSION

Based on the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiff US Bank National Association's Petition for Attorneys' Fees and Costs, filed September 14, 2009, be GRANTED IN PART AND DENIED IN PART, and that the district court award Plaintiff **$2,730.37** in attorneys' fees and **$350**

12



Case 1:08-cv-00358-DAE-KSC   Document 48   Filed 09/30/09   Page 13 of 13    PageID #: 406

in costs, for a total of **$3,080.37**.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 30, 2009.

Kevin S.C. Chang
United States Magistrate Judge

US BANK V. YAMAMURA, ET AL.; CIVIL NO. 08-00358 DAE-KSC; REPORT
OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFF'S PETITION FOR
ATTORNEYS' FEES BE GRANTED IN PART AND DENIED IN PART

13